IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA**

**v.**                                            Criminal Case No. 3:20cr33

**ANDRE J. SUITTE,**

    **Defendant.**

## MEMORANDUM OPINION

This matter comes before the Court Defendant Andre J. Suitte's Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c) and U.S.S.G. Amendment 821 (the "Motion for Sentence Reduction"). (ECF No. 36.) The United States responded in opposition to the Motion. (ECF No. 37.) Mr. Suitte did not reply and the time to do so has passed.

The matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. For the reasons articulated below, the Court hereby GRANTS IN PART the Motion for Sentence Reduction and reduces Mr. Suitte's sentence from 96 months to 84 months' imprisonment.

## I. Background

On March 3, 2020, Mr. Suitte was charged in a one-count indictment of Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1). (ECF No. 3.) On June 16, 2020, Mr. Suitte entered into a written plea agreement with the United States in which he plead guilty to the charge. (ECF No. 17.) The Plea Agreement, (ECF No. 17), and the Statement of Facts, (ECF No. 18), describe the conduct in Mr. Suitte's underlying offense. On December 2, 2019, Richmond Police Department ("RPD") officers were notified of a white minivan operating

recklessly. (ECF No. 18, at 1.) RPD officers attempted to stop the vehicle, but the driver of the vehicle, later identified as Mr. Suitte, disregarded their directives. (ECF No. 18, at 1.) After RPD officers terminated the pursuit for public safety reasons, they saw Mr. Suitte crash the vehicle. (ECF No. 18, at 2.) Mr. Suitte attempted to evade officers on foot and, during the pursuit, he dropped a revolver firearm on the ground. (ECF No. 18, at 2.)

Prior to sentencing, the probation officer prepared the Presentence Report ("PSR") for Mr. Suitte. (ECF No. 32.) According to the law at the time, Mr. Suitte had a Total Offense Level of 23 and 10 criminal history points, which correlated to a Criminal History Category of V. (*See* ECF No. 21, at 14, 19.) This resulted in a Sentencing Guidelines range of 84–105 months. (*See* ECF No. 21, at 14, 19.)

On October 26, 2020, the Court sentenced Mr. Suitte to 96 months' imprisonment. (*See* ECF No. 31.) Mr. Suitte is currently housed at Hazelton FCI in Bruceton Mills, West Virginia. *See Fed. Inmate Locator*, BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited May 29, 2024). The Bureau of Prisons ("BOP") identifies Mr. Suitte's release date as November 20, 2026. *See id.*

## II. Sentence Reduction Under Amendment 821

On November 1, 2023, amendments to the advisory Sentencing Guidelines took effect. In relevant part, Amendment 821, among other changes, (1) reduces "status points" for certain offenders with less serious criminal histories and (2) provides for a decrease of two offense levels for individuals with no criminal history points and whose offense did not involve specific aggravating factors. U.S. Sentencing Comm'n., *Amendment to the Sentencing Guidelines*

(August 31, 2023).[1] On August 24, 2023, the Commission voted to give retroactive effect to these provisions of Amendment 821. *Id.*; *see also* U.S. Sentencing Comm'n, *U.S. Sentencing Commission Votes to Allow Retroactive Sentence Reductions and Announces its Next Set of Policy Priorities* (Aug. 24, 2023), available at https://www.ussc.gov/about/news/press-releases/august-24-2023 (last accessed June 3, 2024).

"When the Commission makes a Guidelines amendment retroactive, 18 U.S.C. § 3582(c)(2) authorizes a district court to reduce an otherwise final sentence that is based on the amended provision." *Dillon v. United States*, 560 U.S. 817, 821 (2010). When deciding if a sentence reduction is appropriate, "[a] court must first determine that a reduction is consistent with [U.S.S.G.] § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in [18 U.S.C.] § 3553(a)." *Dillon*, 560 U.S. at 826. U.S.S.G. § 1B1.10(b)(1) "requires the court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (quoting U.S.S.G. § 1B1.10(b)(1)).

After determining that a sentence reduction is available, a court must consider the Section 3553(a) factors and any relevant post-conviction conduct before modifying a defendant's sentence. 18 U.S.C. § 3582(c)(1)(A); *Dillon*, 560 U.S. at 827. A court must weigh factors including "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Under that statute, a court must also consider "the need for the sentence imposed . . . to promote respect for the law . . . ; to afford adequate deterrence to

---

[1] This document is available at https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202308_RF-retro.pdf [https://perma.cc/7J5V-YKNY].

criminal conduct; . . . [and] to protect from the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2). The statutory sentencing factors direct a court to consider the kinds of sentences available and the sentencing range established for the offense. 18 U.S.C. § 3553(a)(4).

### III. Analysis

After due consideration, the Court will grant in part the Motion for Sentence Reduction. (ECF No. 36.) Mr. Suitte contends, and the United States does not dispute, that Amendment 821 reduces Mr. Suitte's criminal-history points to 9, which in turn reduces his recommended guidelines range to 70–87 months at his offense level of 23. The applicable § 3553(a) factors also support a partial sentence reduction.

### A.  The § 3553(a) Factors Support a Reduction in Mr. Suitte's Sentence

Although the parties agree that Amendment 821 applies, they dispute whether the Court should reduce Mr. Suitte's sentence. Mr. Suitte asks for a "proportionate reduction . . .[that] results in a sentence of 80 months," which, like the original sentence, would fall in the middle of the guidelines range. (ECF No. 36, at 4.) Mr. Suitte further argues that "the intensive rehabilitation resources available to him as part of his supervised release . . . are enough to further address public safety [concerns] upon his release." (ECF No. 36, at 5.)

The United States opposes the motion, arguing that Mr. Suitte's three disciplinary infractions while incarcerated (including one for drug possession) and his criminal history do not warrant a reduction in his sentence. Specifically, the United States highlights Mr. Suitte's "criminal history spans his adult life and became more serious as he got older." (ECF No. 37, at 9.)

4

After considering the applicable § 3553(a) factors, the Court will grant Mr. Suitte's motion in part.[2] Mr. Suitte's violations during his incarceration are serious but they are not so egregious to negate any reduction whatsoever. The possession of drugs in prison cannot be condoned. Still, Mr. Suitte's violation is not inconsistent with the serous drug addiction he has had throughout his life. While incarcerated, he has participated in educational programs to include drug education, a class to obtain his GED, a course in leadership, and conflict resolution.

Mr. Suitte asks only for a "proportionate reduction" to 80 months' imprisonment, which would leave his sentence in the middle of the updated guidelines range. The Court previously considered Mr. Suitte's criminal history when first sentencing him to the middle end of the original guidelines range, and the difference now is his three violations while in prison. Given those considerations, a partial reduction in Mr. Suitte's sentence toward the higher end of the new guideline range accounts for the history and characteristics he brings to the court, the need to avoid unwarranted sentencing disparities, and the need for adequate deterrence. *See* 18 U.S.C. § 3553(a). After the sentence reduction, Mr. Suitte will still have approximately eighteen months to serve. This provides ample time for Mr. Suitte to receive appropriate rehabilitative services prior to his release. Moreover, intentional and targeted substance abuse and mental health treatment as part of supervised release will address any public safety concern raised by

---

[2] Based on the § 3553(a) factors, the Court has considered the record pertaining to (1) the defendant's sentence relative to the nature and circumstances of his offense; (2) the history and characteristics he brings to the court; (3) the need to afford adequate deterrence; (4) the need to protect the public from further crimes of the defendant; (5) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment; (6) the applicable guideline sentence; (7) the need to avoid unwarranted sentencing disparities among defendants with similar records found guilty of similar conduct; (8) and the need to provide restitution to victims. *See* 18 U.S.C. § 3553(a)(1), (2)(B)–(D), (4)–(7).

5

Mr. Suitte's prior criminal history. The applicable § 3553(a) factors, therefore, support a reduced sentence of 84 months' imprisonment. *See id.* § 3582(c)(2).

## IV. Conclusion

For the reasons explained above, the Court GRANTS IN PART Mr. Suitte's Motion for Sentence Reduction, (ECF No. 36), and MODIFIES his sentence by reducing it from 96 months to 84 months' imprisonment. All other provisions of the Amended Judgment shall remain in effect. (*See* ECF No. 31.)

An appropriate Order shall issue.

Date: 6/3/2024
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge

6